No. 21-2061

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

SPEECH FIRST, INC.,
                              Plaintiff-Appellant,

v.

TIMOTHY SANDS, in his personal capacity and official capacity as
President of Virginia Polytechnic Institute and State University,
                              Defendant-Appellee.

On Appeal from the United States District Court
For the Western District of Virginia, No. 7:21-cv-00203 (Urbanski, J.)

## APPELLEE'S MOTION TO DISMISS BASED ON MOOTNESS

Plaintiff-Appellant Speech First's appeal of the denial of a preliminary injunction in this case is moot because the last of the students upon which Speech First relied for its associational standing – Student A – has graduated. Student A cannot benefit from the injunction he seeks. Defendant-Appellee Timothy Sands requests that the Court dismiss this appeal based on mootness and remand the case to the district court to determine whether Speech First can show that it still has associational standing and for other proceedings, if any, consistent with the dismissal of this appeal on grounds of mootness. This is no longer just a matter of prudential

mootness, as previously suggested to this Court by Appellee (ECF 69). It is now a matter of *actual* mootness under Article III, Section 2, Clause 1 of the U.S. Constitution. "[M]ootness principles derive from the requirement in Article III of the Constitution that federal courts may adjudicate only those disputes involving 'a case or controversy.'" *Am. Humanist Ass'n v. Greenville Cnty. Sch. Dist.*, 652 Fed. Appx. 224, 228 (4th Cir. 2016) (citing *Williams v. Ozmint*, 716 F.3d 801, 808 (4th Cir. 2013)).[1] Because a live dispute no longer exists here, the appeal is moot, cannot proceed, and must be dismissed. *See SAS Inst., Inc. v. World Programming Ltd.*, 874 F.3d 370, 389 (2017) ("To justify federal jurisdiction, a live dispute must exist at every stage of the litigation, including on appeal.").[2]

When Speech First brought this lawsuit in 2021, it did so by invoking associational standing and asserting that three of its unnamed members – Students A, B, and C – had standing to sue as individuals. JA32 ¶ 88; *see also* JA32 ¶ 105, JA38 ¶ 122, JA41, ¶ 136 (referring to Students A, B, and C's assertions of fear that the Virginia Tech will take action against them). All three Students filed affidavits

---

[1] *See also*, *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) ("A case becomes moot--and therefore no longer a 'Case' or 'Controversy' for purposes of Article III--when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.") (internal quotations omitted).

[2] *See also, Decker v. Northwest Envtl. Def. Ctr.*, 568 U.S. 597, 609 ("It is a basic principle of Article III that a justiciable case or controversy must remain extant at all stages of review, not merely at the time the complaint is filed.").

2

claiming, among other things, that each had self-limited his/her speech out of fear that it would be considered biased, and that the Virginia Tech would act against each of them. JA339, ¶ 19; JA344, ¶ 18; JA350, ¶ 19. Prior to oral argument in this matter on October 25, 2022, Plaintiff-Appellant Speech First advised that Students B and C had graduated and were no longer students at Virginia Tech. ECF 67, Motion ¶ 7. Plaintiff-Appellant Speech First also stated that Student A was enrolled for the Fall Semester but was "likely to graduate" in December 2022. *Id.* Graduation at Virginia Tech occurred on December 16, 2022. *See* https://commencement.vt.edu/schedule/fall.html (Fall 2022 Commencement Schedule) & https://vtx.vt.edu/articles/2022/12/cm-commencement-numbers-2022.html (details regarding Commencement). Counsel for Defendant-Appellant Timothy Sands informed counsel for Plaintiff-Appellee Speech First that they intended to file this motion, and counsel did not consent. However, informed of Defendant-Appellee Timothy Sands's intention to file this motion, counsel for the Plaintiff-Appellant Speech First did not deny that Student A graduated last week. Thus, Students A, B, *and* C have all graduated and none of them is currently enrolled at the university.

When students challenge the constitutionality of school policies, as is the case here, their claims for injunctive relief generally become moot upon graduation. *Herrera v. Finan*, 709 Fed. Appx. 741, 745 (4th Cir. 2017) ("[O]nce a student has

3

graduated, a case or controversy no longer exists between the [plaintiff] and the [defendants] with respect to the validity of the rules at issue.") (internal quotations omitted); *Mellen v. Bunting*, 327 F.3d 355, 364 (4th Cir. 2003) (citing *Bd. of Sch. Comm'rs of Indianapolis v. Jacobs*, 420 U.S. 128, 129, 43 L. Ed. 2d 74, 95 S. Ct. 848 (1975) (per curiam) ("[Once] all of the named plaintiffs in the action had graduated . . . a case or controversy no longer exists."). Here, with Virginia Tech's Fall 2022 Commencement having occurred on December 16, 2022, Student A is not a Virginia Tech student, no longer has standing to seek injunctive relief, and cannot serve as a basis for Speech First to have associational standing. Accordingly, Speech First's appeal – which appeals the denial of a preliminary injunction – is moot.

Furthermore, Speech First's eleventh-hour attempt to supplement the record with implausible, cookie-cutter affidavits from four new anonymous students (the "New Students"), has no impact on the issue of mootness. ECF 67, Motion at 1. As set forth in Defendant-Appellee Timothy Sands's Opposition to Appellant's Motion for Leave to Supplement the Record on Appeal and Suggestion of Mootness, ECF 69, which Appellee incorporates hereto, Speech First's request to supplement the record should be rejected for any number of reasons. First, Speech First was clearly aware of the impending graduations(s) and the inevitable implications for mootness, yet Appellant failed to address this essential issue in a timely manner. *See* ECF 69 at 4. Second, the affidavits Speech First filed on the eve of oral argument were

4

facially deficient and the anonymous nature of these affidavits prevents Defendant-Appellee Timothy Sands from being able to assess and respond to their last-minute claims. *Id.* at 5, 8. Third, the New Students' copycat claims of fear are implausible in the face of the affidavits that have been submitted by University officials in these proceedings about how Virginia Tech's policies operate. *Id.* at 5-7.

More importantly though, Speech First's request to supplement the record has not been granted by this Court. Speech First's pending appeal must rise or fall entirely upon the status of Student A who, as previously stated, has now graduated from Virginia Tech. Student A's graduation must render this appeal moot. Accordingly, this Court should dismiss the appeal and remand the case to the district court to determine whether Speech First can demonstrate that it still has associational standing, and for other proceedings, if any, consistent with the dismissal of this appeal on grounds of mootness.[3]

---

[3] Speech First will have ample opportunity to argue to the district court about whether it should be permitted to proceed on the basis of other student members' claims. However, the issue currently on appeal, specifically, the request for injunctive relief based on Students A, B, and C, is moot. Additionally, because the appeal only relates to the request for a preliminary injunction, remand would afford Speech First the opportunity to argue in the district court, if it wishes, that the claim for nominal damages with respect to Students A, B, and C is still viable.

Dated: December 22, 2022  Respectfully submitted,

*/s/ Jessica A. Glajch*
Matthew B. Kirsner
William H. Hurd
ECKERT SEAMANS CHERIN
& MELLOTT, LLC
Suite 1300
919 East Main Street
Richmond, VA 23219
Tel: (804) 788-7744/9638
Fax: (804) 698-2950
Email: mkirsner@eckertseamans.com
whurd@eckertseamans.com


Michael McAuliffe Miller
Renee Mattei Myers
ECKERT SEAMANS CHERIN
& MELLOTT, LLC
8th Floor
1 South Market Square Building
213 Market Street
Harrisburg, PA 17101-0000
Tel:    (717) 237-7174/7163
Fax:    (717) 237-6019
Email: mmiller@eckertseamans.com
rmyers@eckertseamans.com

Jessica A. Glajch
ECKERT SEAMANS CHERIN
& MELLOTT, LLC
1717 Pennsylvania Avenue, NW Suite 1200
Washington, D.C. 20006
Tel:    (202) 659-6672
Fax:    (202) 659-6699
E-mail:  jglajch@eckertseamans.com

## CERTIFICATE OF COMPLIANCE

This memorandum complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because it contains 1139 words, excluding the parts that can be excluded, according to Microsoft Word 2016. This memorandum complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6), as it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

Dated: December 22, 2022  /s/ Jessica A. Glajch

## CERTIFICATION PURSUANT TO LOCAL RULE 27(A)

I hereby certify that, in accordance with Local Rule 27(a), counsel for Plaintiff-Appellee notified counsel for Defendant-Appellant of this motion on December 22, 2022 and counsel for Defendant-Appellant intends to file responses in opposition.

Dated: December 22, 2022  /s/ Jessica A. Glajch

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2022, I caused a copy of the foregoing document to be electronically filed with the Clerk of Court and served on counsel of record by filing it with the Court's appellate CM/ECF system.

Dated: December 22, 2022  /s/ Jessica A. Glajch